IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
                          )
            Plaintiff,    )
                          )
    vs.                   )  No. 05 CR 71
                          )
THOMAS BRYANT a/k/a "GUN" and )
EDDIE FRANKLIN, JR., a/k/a "JUNE", )
                          )
            Defendants.   )

## MEMORANDUM OPINION AND ORDER

Thomas Bryant is charged in a two-count indictment with 1) conspiracy to distribute and possession with intent to distribute cocaine base (Count I) and 2) distribution and possession with intent to distribute cocaine base (Count II). Mr. Bryant has filed numerous motions including a motion to dismiss the first count of the indictment; a motion for the court to make a factual finding that the narcotics in this case are not crack cocaine; a motion to compel disclosure of exculpatory information; a motion to compel disclosure of promises of immunity; and a motion for an order requiring the government to give immediate notice of its intention to use evidence of other crimes, wrongs, or bad acts.

### I. Motion to Dismiss Count I

The original complaint in this case was filed on January 26, 2005 and alleged that Mr. Bryant possessed cocaine base with the intent to distribute. The conspiracy charge (Count I) was added in

the April, 26 2005 indictment. Mr. Bryant argues that this count should be dismissed because the government used information gained in protected proffer sessions against him when it presented the charges to the grand jury. Specifically, Mr. Bryant argues that the government had no knowledge of conspiratorial conduct or the beginning and ending dates of the conspiracy prior to the proffer sessions and was only aware of his participation in a single buy/sell agreement occurring on April 8, 2004. The government responds that it had this information prior to the proffer sessions and that no proffer-protected information was used to establish the conspiracy count. The government represents that the information came from the testimony of an independent witness.

Mr. Bryant was involved in two proffer sessions in which he divulged information to the government. The first session took place on November 29, 2004. At the time, the Assistant United States Attorney provided Mr. Bryant with an "agreement to cooperate," which Mr. Bryant signed. The agreement did not promise any protection for Mr. Bryant's statements and no evidence in the record suggests any assurances were otherwise given. The second session was a proffer session that took place on February 18, 2005. The agreement Mr. Bryant signed and entered into on that date states that "in the event your client is prosecuted, anything related to the government by you or your client, during the proffer cannot and will not be used against your client. . . . " The

2

agreement also states, however, that "[t]he government is completely free to pursue any and all investigative leads derived in any way from the proffer, which could result in the acquisition of evidence admissible against your client." No evidence in the record suggests that Mr. Bryant was given any assurances that would contradict the language of the agreement.

At the grand jury, the government relied on the testimony of a confidential witness (the "CW") to support its allegation of conspiratorial conduct. The CW's testimony was substantially similar to that of earlier FBI 302 reports from June, 2004. In the 302 Reports, the CW states that he had repeatedly purchased narcotics from Mr. Bryant starting two to three years ago. These reports demonstrate that the government had knowledge of the time frame and the buyer-seller relationship between Mr. Bryant and the CW prior to the proffer sessions with Mr. Bryant.

Mr. Bryant argues, however, that if the information obtained from the CW was sufficient to sustain a conspiracy charge, the government would have alleged a conspiracy in the January 26, complaint. He further argues that the government must have obtained further information needed to support the conspiracy charge and that information originated from Mr. Bryant's protected proffer sessions. He concludes that the government violated the proffer agreement by using this information against him at the grand jury.

3

This argument fails because the government did not violate the terms of the proffer agreement. This is true even if Mr. Bryant's testimony at the proffer session led the government to further investigate his relationship with the CW and the CW's testimony at the grand jury reflected that further investigation. Under the terms of the proffer agreement, the government is entitled to use the testimony of the CW against Mr. Bryant because it was the product of an investigative lead. The motion to dismiss the indictment is denied.

## II. Motion Regarding Narcotic Substance

Mr. Bryant next requests that the court make a factual finding that the narcotic substance involved in this case is not crack cocaine. Mr. Bryant bases the motion on the report of toxicologist Dr. Michael A. Evans, Ph.D. in which Dr. Evans states his belief that the substance is not crack cocaine. Dr. Evans relied on two facts in coming to this conclusion. First, citing a 1999 study by the National Institute of Drug Abuse (NIDA) which states "[t]he DEA estimates that crack rocks are between 75% and 90% pure cocaine," Dr. Evans notes that the substance in this case contains only seventy percent cocaine. Second, Dr. Evans notes the fact that the government did not test for the presence of sodium bicarbonate, a substance which is often used to transform cocaine into crack.

Neither the fact that a substance is seventy percent cocaine nor the fact that the government has not affirmatively shown the substance contains sodium bicarbonate would establish that a substance is not crack. *See United States v. Abdul*, 122 F.3d 477, 479 (7th Cir. 1997) (holding that sodium bicarbonate is only one substance that may be used to produce crack and that witness testimony that a substance chemically tested to be cocaine base is crack cocaine is sufficient to establish that the substance was in fact crack cocaine). The government intends to present admissible evidence (lab reports and witness testimony) to establish that the substance was in fact crack cocaine. Whether the narcotics in question are crack is an issue of fact appropriately decided at trial. Mr. Bryant's motion is denied.

### III. Motions to disclose information

Invoking the principles of *Brady v. Maryland*, 373 U.S. 83, (1963) and *Giglio v. United States,* 405 U.S. 150 (1972), Mr. Bryant requests an order requiring the government to disclose a lengthy list of potentially exculpatory and impeaching materials. In a related motion, Mr. Bryant requests an order that the government disclose the existence and substance of any promises of immunity, leniency, or preferential treatment.

In its response, the government acknowledges its duties under *Brady* and *Giglio* and states its intent to disclose to Mr. Bryant all materials required by law. In order to avoid potential trial

5

delays and to ensure that Mr. Bryant has adequate time to prepare for trial, the court orders the government to disclose the information no later than three weeks prior to trial.

### IV. Motion for Notice of Intention to Use Evidence of Other Crimes, Wrongs, or Bad Acts

Mr. Bryant also seeks an order requiring the government to give immediate notice of its intention to use evidence of other crimes, wrongs, or bad acts. Consistent with FED. R. EVID. 404(b), the government has agreed to provide notice of its intended use of any 404(b) evidence. The information shall be provided no later than three weeks prior to trial.

Mr. Bryant's motion additionally requests notice of the government's intent to use of evidence of crimes, wrongs, and bad acts to be used for impeachment purposes under FED. R. EVID. 608(b). "[B]y its terms, Rule 608(b) evidence may not be used by the government in its case-in-chief and therefore such evidence is not discoverable under Rule 12 of the Federal Rules of Criminal Procedure." *United States v. Balogun*, 971 F. Supp. 1215, 1231 (D. Ill. 1997) (quoting *United States v. Sims*, 808 F. Supp. 607, 611 (N.D. Ill. 1992)). Mr. Bryant's motion is denied.

**ENTER ORDER:**

*Elaine L Bucklo*

------

**Elaine E. Bucklo**
United States District Judge

Dated: February 27, 2006